ANDREW SCHICK *v.* WINDSOR AIRMOTIVE DIVISION/ BARNES GROUP, INC., ET AL.
(12219)

FOTI, LANDAU and SCHALLER, Js.

Argued March 21—decision released June 14, 1994

*David C. Davis,* for the appellants (defendants).
*Jonathan L. Gould,* for the appellee (plaintiff).

FOTI, J. In 1987, the plaintiff, Andrew Schick, filed a workers' compensation claim after suffering a myocardial infarction claimed to be caused by on-the-job stress. After formal hearings, first district commissioner A. Paul Berte issued a finding and decision on June 5, 1990, that the condition was not work related. Schick appealed to the compensation review board on June 15, 1990. In July, 1990, while the appeal was pending, Berte resigned.

In February, 1991, the plaintiff filed a motion to correct the commissioner's findings, and, in March, 1991, filed a motion with the board for an order remanding the matter for a hearing de novo; he claimed that Berte was unwilling to act on his motion to correct. The defendants[1] objected and requested the appointment of an alternate commissioner to act on the motion to correct.

On February 16, 1993, the board ordered the matter remanded to the first district so that the plaintiff could have the option of either a hearing de novo or, if the parties agreed, the submission of evidential transcripts and exhibits of the hearing together with the commissioner's findings and the plaintiff's motion to correct to another commissioner for completion. The defendants appealed from that order on March 5, 1993.[2]

---

[1] The defendants are Windsor Airmotive Division/Barnes Group Inc. (employer), and Travelers Insurance Company (insurer).

[2] The plaintiff moved to dismiss the appeal for lack of a final judgment. The plaintiff's motion was denied. *Schick* v. *Windsor Airmotive Division/Barnes Group,* 31 Conn. App. 819, 627 A.2d 478 (1993).

The defendants claim that the board improperly remanded the matter, and improperly refused to designate a substitute commissioner pursuant to General Statutes (Rev. to 1991) § 31-281.[3]

Before addressing the merits of this claim, we briefly turn our attention to the standard of review. Whether a case should be remanded, and the scope of that remand, presents questions to be determined by the compensation review board in the exercise of its sound discretion. See *Tsoukalas* v. *Bolton Mfg. Co.*, 130 Conn. 658, 663, 37 A.2d 357 (1944). "In reviewing a claim that this discretion has been abused the unquestioned rule is that great weight is due the action of the [board] and every reasonable presumption should be given in favor of its correctness. . . . [T]he ultimate issue is whether the [board] could reasonably conclude as it did. . . ." (Citations omitted; internal quotation marks omitted.) *Rullo* v. *General Motors Corp.*, 208 Conn. 74, 78–79, 543 A.2d 279 (1988). The action of the board is not to be disturbed unless it has abused its broad discretion. *Weldon Business Group* v. *Schweitzer*, 22 Conn. App. 552, 554, 577 A.2d 1126 (1990).

Our review of the record discloses that the compensation review board, citing its own prior holdings, and *Stevens* v. *Hartford Accident & Indemnity Co.*, 29 Conn. App. 378, 615 A.2d 507 (1992), and *Kasarauskas* v. *McLaughlin*, 25 Conn. Sup. 60, 196 A.2d 118 (1963), concluded that due process required the remand as ordered, as it had no authority pursuant to General

---

[3] Prior to January 1, 1992, General Statutes § 31-281 provided: "The compensation commissioners for the several districts, acting as a board, may, in the event of the death, illness, resignation or disqualification of a commissioner of any district, designate another commissioner to act in any compensation matter in such district, and any commissioner acting under such designation shall have the same jurisdiction and powers as the commissioner for such district." That section was repealed by Public Acts 1991, No. 91-339, § 53. Section 55 of that act provided that § 53 would take effect on January 1, 1992.

Statutes § 31-278[4] to compel the retired commissioner to act. The defendants argue, however, that the board had another alternative and abused its discretion by ordering a remand rather than designating a substitute commissioner pursuant to § 31-281. We do not agree.

The board decided this case by ordering the remand more than one year after the repeal of § 31-281. The provisions of § 31-281 were procedural. While we may agree that the repeal of § 31-281 does not operate retrospectively, it is clear that the repeal of that section occurred prior to the board's decision and that as of the date of the decision the board could not rely on the procedures as set forth therein. The appeal is from the board's decision, and not from any action or inaction prior to that decision.

The defendants further argue that, because General Statutes § 51-183f [5] permits the designation of a substitute commissioner, the board's remand constituted an abuse of discretion. Again, we do not agree.

Although there is no requirement that the same judge rule on all matters arising after a judgment; *Holcombe v. Holcombe,* 22 Conn. App. 363, 365, 576 A.2d 1317 (1990); and § 51-183f "authorizes further proceedings before another judge where the original trial judge is

---

[4] General Statutes § 31-278 provides in pertinent part: "Any compensation commissioner, after ceasing to hold office as such compensation commissioner, *may* settle and dispose of all matters relating to appealed cases, including correcting findings and certifying records, as well as any other unfinished matters pertaining to causes theretofore tried by him, to the same extent as if he were still such compensation commissioner." (Emphasis added.)

[5] General Statutes § 51-183f provides: "If the term of office of any judge of the superior court expires during the pendency of any proceeding before him, or if any judge of the superior court is retired because of a disability, dies or resigns during the pendency of any proceeding before him, any other judge of that court, upon application, shall have power to proceed therewith as if the subject matter had been originally brought before him."

unable to complete proceedings due to . . . resigna-
tion"; *Stevens* v. *Hartford Accident & Indemnity Co.,*
supra, 29 Conn. App. 384; the general rule is that a
party litigant is entitled to a decision on the facts by
a judge who heard the matter, and a deprivation of that
right may be a denial of due process. Id. Section 51-183f
permits a successor judge to act[6] absent a stipulation
by the parties to a decision by a successor judge based
on a review of the evidence before the original judge.
See *Nahas* v. *Nahas,* 25 Conn. App. 595, 597 n.1, 595
A.2d 926 (1991).

The plaintiff's motion to correct findings is exten-
sive, seeking to delete paragraphs twenty-four through
twenty-seven of the findings and to substitute twenty
paragraphs of findings. In response to the plaintiff's
motion for order to remand for a new hearing, the
defendants filed their objection and claimed, inter alia,
that § 31-281 vested the board with authority to desig-
nate an alternate commissioner. The objection cites
only § 31-281 and not § 51-183f.[7] The motion to cor-

---

[6] "[U]pon the . . . resignation of a judge of the Superior Court during
the pendency of a trial or hearing to the court, a successor judge should
take the following steps pursuant to the authority granted by § 51-183f:
(1) become familiar with the entire existing record, including, but not neces-
sarily limited to, transcripts of all testimony and all documentary evidence
previously admitted; (2) determine, on the basis of such record and any fur-
ther proceedings as the court deems necessary, whether the matter may
be completed without prejudice to the parties; (3) if the court finds that
the matter may not be completed without prejudice to the parties it should
declare a mistrial, but if the court finds that the matter may be completed
without prejudice to the parties then; (4) upon request of any party, or upon
the court's own request, recall any witness whose testimony is material
and disputed and who is available to testify without due burden; (5) take
any other steps reasonably necessary to complete the proceedings; and
(6) render a decision based on the successor judge's own findings of fact
and conclusions of law." *Stevens* v. *Hartford Accident & Indemnity Co.,*
supra, 29 Conn. App. 386.

[7] In their preliminary statement of issues, the defendants claim that the
board improperly (1) refused to grant their motion to designate a substi-
tute commissioner pursuant to General Statutes § 31-281, (2) remanded the

rect deals not only with the plaintiff's testimony, but also with the testimony of his attending physician, Robert Silverstein, and that of his evaluating physician, Gordon Kritzer. Additionally, the plaintiff's motion dealt with the testimony of the defendants' expert witness, James E. Dougherty, a physician. The board was aware that the commissioner who decided the matter had heard and saw the witnesses, and that the issue of credibility was of great importance in his decision. The board acted to fulfill the due process requirement that " '[t]he one who decides must hear.' " *Trotta* v. *Board of Education,* 32 Conn. App. 395, 401 n.2, 628 A.2d 1343, cert. denied, 227 Conn. 922, 623 A.2d 700 (1993), quoting *Morgan* v. *United States,* 298 U.S. 468, 481, 56 S. Ct. 906, 86 L. Ed. 1288 (1936).

The defendants have not sustained their burden of demonstrating that the board abused its discretion in ordering a remand[8] under these circumstances for a trial de novo, or "if the parties agree to submit the . . . transcripts and exhibits . . . together with [the] Finding and Award and the . . . motion to correct to . . . another commissioner . . . for completion." The defendants also did not sustain their burden of demonstrating, absent the agreement of the parties, that the board abused its discretion in failing to designate a substitute commissioner who had not heard the

matter for a new hearing, and (3) applied its own precedents in ordering a remand. On March 26, 1991, the defendants filed a motion to designate an alternate commissioner, that was also based solely on § 31-281 and not on § 51-183f.

[8] The defendants have not relied on General Statutes § 31-301 (c) to challenge the power of the board to order a remand. General Statutes § 31-301 (c) provides in pertinent part that "[u]pon the final determination of the appeal . . . the compensation review board shall issue its decision, affirming, modifying or reversing the decision of the commissioner. . . ." We note that while the statute expresses no provision for ordering a remand, no one has claimed that there has been a "final determination of the appeal," and that is because of the presence of the motion to correct that has not been acted on.

evidence, to decide the plaintiff's motion to correct the findings of the commissioner who did hear the evidence.

The decision of the compensation review board is affirmed.

In this opinion the other judges concurred.