## JAMES CANTONI *v.* XEROX CORPORATION ET AL.
### (SC 16067)

Borden, Norcott, Katz, Palmer and Peters, Js.

---

Argued September 23—officially released November 9, 1999

*David A. Kelly*, with whom, on the brief, was *James J. Moynihan*, for the appellants (defendants).

*Norman A. Pattis*, with whom, on the brief, was *John R. Williams*, for the appellee (plaintiff).

### Opinion

PETERS, J. The sole issue in this certified appeal is whether a dispute about the authority of the workers' compensation review board to remand a workers' compensation claim to a trial commissioner other than the commissioner who originally heard the claim is an appealable final judgment. We conclude that it is not, and, accordingly, we affirm the order of the Appellate Court dismissing the defendants' appeal.

The plaintiff, James Cantoni, filed a claim for workers' compensation benefits based on allegations that he had been injured in the course of his employment as a sales representative by one of the defendants, Xerox Corporation (Xerox).[1] Following a series of evidentiary hearings, the trial commissioner who heard the plaintiff's claim, having made several factual findings adverse to the plaintiff, dismissed his claim. The plaintiff then appealed from the commissioner's decision to the workers' compensation review board (review board).

The review board concluded that the commissioner's dismissal was improper and remanded the case for a new trial to be heard "before a different trial commissioner." The defendants appealed from the review board's decision to the Appellate Court, which, sua sponte, issued an unpublished order dismissing the defendants' appeal for lack of a final judgment. We granted the defendants' petition for certification to appeal from the judgment of the Appellate Court, limited to the following issue: "Did the Appellate Court properly dismiss this appeal for lack of a final judgment?" *Cantoni* v. *Xerox Corp.*, 247 Conn. 960, 723 A.2d 813 (1999).

The record reveals the following relevant facts. The plaintiff was employed by Xerox as a sales representative from 1983 to 1997. In the course of that employment, the plaintiff spent many hours at his desk in Xerox' Hartford office sitting on a hard wooden bar stool or chair. In 1994, the plaintiff began to complain of pain in his buttocks, arms, heels, feet, back, shoulders and neck. Between 1994 and 1996, the plaintiff sought

---

[1] The other defendant in this appeal is Gallagher Bassett Services, Xerox' workers' compensation insurer. Unless otherwise indicated, all references to the defendants in this opinion refer to both Xerox and Gallagher Bassett Services.

professional guidance from three specialists, who ultimately diagnosed the plaintiff as suffering from ischial bursitis, commonly known as "weaver's bottom." This condition typically is found in persons who sit on hard surfaces without moving for extended periods of time.

Subsequent to the discovery of his condition, the plaintiff filed a claim for workers' compensation benefits, alleging that his condition was the result of repetitive sitting during the course of his employment by Xerox. Xerox denied liability for the plaintiff's condition. Pursuant to General Statutes § 31-284c,[2] Nancy A. Brouillet, a trial commissioner for the second district workers' compensation commission, conducted several days of formal evidentiary hearings.[3]

On June 10, 1997, the trial commissioner issued a "Finding and Dismissal" relating to the plaintiff's claim. As noted in the opinion of the review board, the commissioner concluded that "the [plaintiff] had failed to establish compensable injuries to most of the body parts mentioned in his claim," and that, although the plaintiff "did suffer from sore buttocks, he did not establish that this condition was work-related." Consequently, the commissioner dismissed the plaintiff's claim for compensation.

Pursuant to General Statutes § 31-301,[4] the plaintiff filed a petition with the review board raising numerous

[2] General Statutes § 31-284c provides in relevant part: "Any employee eligible to receive or receiving workers' compensation may file a complaint alleging violation of the provisions of section 31-284b with the workers' compensation commissioner. The commissioner shall hold a hearing in accordance with the provisions of sections 31-297 and 31-298. . . ."

[3] The hearings were held on March 13, May 1, July 3, September 16, September 18, and December 9, 1996, and April 30, 1997.

[4] General Statutes § 31-301 provides in relevant part: "(a) At any time within ten days after entry of an award by the commissioner, after a decision of the commissioner upon a motion or after an order by the commissioner according to the provisions of section 31-299b, either party may appeal therefrom to the Compensation Review Board by filing in the office of the commissioner from which the award or the decision on a motion originated an appeal petition and five copies thereof. . . .

claims of impropriety by the trial commissioner. The plaintiff claimed, inter alia, that the commissioner improperly had refused to accept certain evidence at the hearings, and that her factual and legal conclusions were improper and unsupported by the record. The defendants disputed these claims.

On July 17, 1998, the review board issued its opinion setting aside the dismissal of the plaintiff's claim. Although it acknowledged the "broad degree of deference" traditionally accorded the findings of a trial commissioner, the review board found "a patent inconsistency between the medical reports and testimony of Dr. [Martin] Cherniak and the trial commissioner's recollection of the substance of his medical opinion." The review board further concluded that Cherniak's testimony was "integral to the [plaintiff's] case," and that the trial commissioner's misconstruction of that testimony had impaired the fairness of the hearing. The review board therefore remanded the case for a new trial, "so that the testimony in question can be offered anew before a different trial commissioner."

Pursuant to General Statutes § 31-301b,[5] the defendants appealed the review board's decision to the Appellate Court. The defendants claimed, inter alia, that the

"(b) The appeal shall be heard by the Compensation Review Board as provided in section 31-280b. The Compensation Review Board shall hear the appeal on the record of the hearing before the commissioner, provided, if it is shown to the satisfaction of the board that additional evidence or testimony is material and that there were good reasons for failure to present it in the proceedings before the commissioner, the Compensation Review Board may hear additional evidence or testimony.

"(c) Upon the final determination of the appeal by the Compensation Review Board, but no later than one year after the date the appeal petition was filed, the Compensation Review Board shall issue its decision, affirming, modifying or reversing the decision of the commissioner. The decision of the Compensation Review Board shall include its findings, conclusions of law and award. . . ."

[5] General Statutes § 31-301b provides: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court."

review board improperly: (1) had gone "beyond the scope of [its] jurisdiction in not giving the Trial Commissioner the deference afforded by *Fair* v. *People's Savings Bank*, 207 Conn. 535 [542 A.2d 1118] (1988)"; (2) had engaged in an "inappropriate re-trial of the facts"; and (3) had ordered a "trial de novo rather than remanding the case to the original Trial Commissioner for further findings of fact . . . ." Concluding that the action taken by the review board did not constitute a final judgment, the Appellate Court dismissed the defendants' appeal.

On appeal to this court, the defendants recognize that remands by the review board, if they contemplate further actions that are not merely ministerial, ordinarily do not constitute final judgments. *Szudora* v. *Fairfield*, 214 Conn. 552, 556, 573 A.2d 1 (1990). The defendants claim that their appeal is different because it raises a question that falls within the exception to the final judgment rule relating to colorable claims of lack of jurisdiction in a trial court. *Solomon* v. *Keiser*, 212 Conn. 741, 747, 562 A.2d 524 (1989); *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 418, 426 A.2d 1324 (1980).[6] According to the defendants, the question of the review board's authority to remand a case to a commissioner other than the one who heard it originally raises a similar colorable claim of lack of jurisdiction. We granted the defendants' petition for certification to decide whether, under the circumstances of this case, the remand order was a final judgment. We conclude that it was not a final judgment and, therefore, we affirm the order of the Appellate Court dismissing the defendants' appeal.

---

[6] In those two cases we held that, if an appellant makes a colorable challenge to the power or jurisdiction of a trial court to open the judgment, the appellant may seek immediate appellate review and need not await the outcome of a second trial.

I

The ground rules that govern workers' compensation appeals are well established. These ground rules have their origins in two sets of statutes. One set of statutes delineates the appellate jurisdiction of this court and the Appellate Court. Another set of statutes determines the rights and duties inherent in the workers' compensation system.

The defendants take no issue with the general principle that, unless otherwise specified by statute, appeals to an appellate tribunal must await a final judgment. "It is axiomatic that, except insofar as the constitution bestows upon this court jurisdiction to hear certain cases; see *Fonfara* v. *Reapportionment Commission*, 222 Conn. 166, 610 A.2d 153 (1992); the subject matter jurisdiction of the Appellate Court and of this court is governed by statute. *Grieco* v. *Zoning Commission*, 226 Conn. 230, 231, 627 A.2d 432 (1993). It is equally axiomatic that, except insofar as the legislature has specifically provided for an interlocutory appeal or other form of interlocutory appellate review; see, e.g., General Statutes § 52-278*l* (prejudgment remedies); General Statutes § 54-63g (petition for review of bail); General Statutes § 51-164x (court closure orders); *State* v. *Ayala*, 222 Conn. 331, 340, 610 A.2d 1162 (1992); appellate jurisdiction is limited to final judgments of the trial court. General Statutes § 52-263 . . . . *Waterbury Teachers Assn.* v. *Freedom of Information Commission*, 230 Conn. 441, 447, 645 A.2d 978 (1994)." (Internal quotation marks omitted.) *Conetta* v. *Stamford*, 246 Conn. 281, 289–90, 715 A.2d 756 (1998).

The defendants similarly do not dispute that our workers' compensation system is entirely a statutory creation. "Although some statutes have common-law roots that may enlighten their construction, the [Workers' Compensation Act] is not such a statute. [T]he

workers' compensation system in Connecticut is derived exclusively from statute. . . . A commissioner may exercise jurisdiction to hear a claim only under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . . *Discuillo* v. *Stone & Webster*, 242 Conn. 570, 576, 698 A.2d 873 (1997); see also *Kinney* v. *State*, 213 Conn. 54, 60, 566 A.2d 670 (1989); *Gagnon* v. *United Aircraft Corp.*, 159 Conn. 302, 305, 268 A.2d 660 (1970). Because of the statutory nature of our workers' compensation system, policy determinations as to what injuries are compensable and what jurisdictional limitations apply thereto are for the legislature, not the judiciary or the board, to make." (Internal quotation marks omitted.) *Hanson* v. *Transportation General, Inc.*, 245 Conn. 613, 618, 716 A.2d 857 (1998). "[T]he workers' compensation commission, like any administrative body, must act strictly within its statutory authority . . . . It cannot modify, abridge, or otherwise change the statutory provisions under which it acquires authority unless the statutes expressly grant it that power." (Internal quotation marks omitted.) *Dowling* v. *Slotnik*, 244 Conn. 781, 799, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S. Ct. 542, 142 L. Ed. 2d 451 (1998).

## II

Section 31-301b governs appeals to the Appellate Court from decisions of the review board. See footnote 5 of this opinion. "[T]he practice and procedure for [workers' compensation] appeals to the appellate court . . . shall conform to the rules of practice governing other appeals. Practice Book [§ 76-1] . . . . [I]n order for a decision of the review board to be appealable under § 31-301b, it must be a decision that has the same elements of finality as a final judgment rendered by a trial court. See *Hall* v. *Gilbert & Bennett Mfg. Co.*, 241 Conn. 282, 294–98, 695 A.2d 1051 (1997); see also *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). In

workers' compensation cases, [t]he test that determines whether such a decision is a final judgment turns on the scope of the proceedings on remand: if such further proceedings are merely ministerial, the decision is an appealable final judgment, but if further proceedings will require the exercise of independent judgment or discretion and the taking of additional evidence, the appeal is premature and must be dismissed. *Szudora* v. *Fairfield*, [supra, 214 Conn. 556]." (Internal quotation marks omitted.) *Conetta* v. *Stamford*, supra, 246 Conn. 290–91; accord *Cleveland* v. *U.S. Printing Ink, Inc.*, 218 Conn. 181, 185–86, 588 A.2d 194 (1991).

The defendants argue that immediate appellate review of the review board's remand order is appropriate here because the board's decision to require a different commissioner to conduct the rehearing of the plaintiff's workers' compensation claim was a decision that the board lacked the jurisdiction to render. Relying on *Solomon* v. *Keiser*, supra, 212 Conn. 747, and *Connecticut Light & Power Co.* v. *Costle*, supra, 179 Conn. 418, the defendants contend that, because the validity of the remand order implicates the jurisdiction of the board, the decision of the board was a final judgment.

In order to prevail, the defendants either must demonstrate that the authority to order a remand to a different commissioner is inherently jurisdictional, that other provisions of our workers' compensation statute manifest the legislature's intention to attach jurisdictional significance to such a remand order, or that some other compelling authority so dictates. We are not persuaded that the defendants have succeeded on any of these grounds.

A

As a general matter, the fact that the review board's authority is statutory does not establish the proposition that a disagreement about the scope of its authority to

order a remand necessarily raises a question that is jurisdictional in nature. We have never so held.[7] In *Conetta*, in which this very question was raised, we concluded that the final judgment issue had become moot as the result of the resignation of the original trial commissioner. *Conetta* v. *Stamford*, supra, 246 Conn. 295.

In *Kim* v. *Magnotta*, 249 Conn. 94, 733 A.2d 809 (1999), we explored the recurrent difficulty of distinguishing between two kinds of challenges to a tribunal's exercise of its statutory authority. On the one hand, a challenge may allege that a tribunal's action exceeds its statutory authority. Such a challenge raises a jurisdictional claim. On the other hand, a challenge may allege that a tribunal's action misconstrues its statutory authority. Such a challenge raises a claim of statutory construction that is not jurisdictional. In *Kim*, we relied on this distinction to conclude that the statutory limitation on motions to open judgments contained in General Statutes § 52-212a was not jurisdictional. Id., 102–103. Although *Kim* dealt with personal jurisdiction, the court's framing of the issue in *Kim* is a useful way to proceed in the present case, in which the issue is the alleged absence of subject matter jurisdiction. See also *Amodio* v. *Amodio*, 247 Conn. 724, 724 A.2d 1084 (1999).[8]

---

[7] Inferentially, the Appellate Court in this case concluded that the issues delineated in the defendants' appeal did not raise jurisdictional questions. On an earlier occasion, that court held that the right to an immediate appeal of a colorable question of jurisdiction "applies with equal force where there is a challenge to the power of the review board to order a new hearing." *Schick* v. *Windsor Airmotive Division/Barnes Group, Inc.*, 31 Conn. App. 819, 823, 627 A.2d 478 (1993).

[8] In *Amodio*, we considered the issue of a trial court's authority, pursuant to General Statutes § 46b-86 (a), to modify a support order in a dissolution judgment. We held that "[s]eparate and distinct from the question of whether a court has jurisdictional power to hear and determine a support matter, however, is the question of whether a trial court *properly* applies § 46b-86 (a), that is, properly exercises its statutory authority to act." (Emphasis in original.) *Amodio* v. *Amodio*, supra, 247 Conn. 730. On the basis of that distinction, we determined that "the trial court unquestionably has the power to hear and determine any modification issue." Id., 731; see also *Bailey* v.

Nothing in the statute defining the appellate power of the review board specifically addresses the board's authority to direct that a new hearing be held if a trial commissioner's decision is reversible. Pursuant to § 31-301 (c), "[u]pon the final determination of the appeal by the Compensation Review Board . . . the Compensation Review Board shall issue its decision, affirming, modifying or reversing the decision of the commissioner. . . ." See footnote 4 of this opinion; see also General Statutes § 31-280b (b) (granting review board power to "review appeals of decisions made by compensation commissioners pursuant to this chapter"). It is, however, implicit in the statutory authority to reverse a decision of the trial commissioner that the board may remand a case for a new hearing. See *Mazzone* v. *Connecticut Transit Co.*, 240 Conn. 788, 798, 694 A.2d 1230 (1997) (ordering review board to "remand [the case] to the commissioner for further proceedings"). The power of appellate review necessarily encompasses the power to remand a case in which error is found. See General Statutes § 52-265 (a); *National Elevator Industry Pension, Welfare & Educational Funds* v. *Scrivani*, 229 Conn. 817, 820, 644 A.2d 327 (1994); *Lopinto* v. *Haines*, 185 Conn. 527, 539, 441 A.2d 151 (1981).

Despite the absence of express statutory authority for any remand order, the defendants do not argue that the review board lacks the jurisdiction to direct that a new hearing be held. In the defendants' view, the review board acts in excess of its statutory authority only by directing that the new hearing be conducted by someone other than the trial commissioner who originally heard the case.

*Mars*, 138 Conn. 593, 601, 87 A.2d 388 (1952) ("[t]he power of the court to hear and determine, which is implicit in jurisdiction, is not to be confused with the way in which that power must be exercised in order to comply with the terms of the statute"); *Artman* v. *Artman*, 111 Conn. 124, 130, 149 A. 246 (1930) ("[i]f [the court] applied any wrong rule of law to the situation, it was not acting without jurisdiction but in the erroneous exercise of its jurisdiction").

There is neither a statutory basis nor a logical basis for the distinction that the defendants urge us to adopt. The statute defining the review board's appellate authority includes no such distinction. The defendants conceded, in fact, at oral argument in this court, that the review board would have authority to remand a case to a different commissioner if the basis for such a remand was a finding of bias on the part of the original commissioner. In light of that concession, the defendants' challenge to the decision of the review board ceases to implicate that board's jurisdiction. It becomes, rather, an attack on the propriety of the review board's particular exercise of its statutory authority in the present case. Although a claim that the review board made improper use of its statutorily granted power later may form the basis for a valid appeal, such a claim is not one of a lack of jurisdiction.

B

The defendants further maintain that, elsewhere in the workers' compensation statutes, the legislature has manifested its intention to attach jurisdictional significance to a remand order that replaces the original trial commissioner. The statute on which the defendants principally rely is General Statutes § 31-278,[9] which

[9] General Statutes § 31-278 provides: "Each commissioner shall, for the purposes of this chapter, have power to summon and examine under oath such witnesses, and may direct the production of, and examine or cause to be produced or examined, such books, records, vouchers, memoranda, documents, letters, contracts or other papers in relation to any matter at issue as he may find proper, and shall have the same powers in reference thereto as are vested in magistrates taking depositions and shall have the power to order depositions pursuant to section 52-148. He shall have power to certify to official acts and shall have all powers necessary to enable him to perform the duties imposed upon him by the provisions of this chapter. Each commissioner shall hear all claims and questions arising under this chapter in the district to which the commissioner is assigned and all such claims shall be filed in the district in which the claim arises, provided, if it is uncertain in which district a claim arises, or if a claim arises out of several injuries or occupational diseases which occurred in one or more districts, the commissioner to whom the first request for hearing is made shall hear

allows compensation commissioners, "after ceasing to hold office . . . [to] settle and dispose of all matters relating to appealed cases . . . ." The defendants contend that, in the absence of any express grant of statutory authority to the review board to remand a case to a different trial commissioner, the language of § 31-278 should be construed as a limitation on the review board's jurisdiction. We find this argument unpersuasive for two reasons.

First, the language that the defendants cite to support their position rebuts the very argument in support of which the language was cited. The portion of § 31-278 on which the defendants' argument rests provides that "[a]ny compensation commissioner, after ceasing to hold office as such compensation commissioner, *may* settle and dispose of all matters relating to appealed cases . . . ." (Emphasis added.) The legislature's choice of the permissive term "may," rather than the mandatory term "shall," indicates that although commissioners are permitted to continue to hear cases subsequent to their retirement, they are not required to do so. See *Doe* v. *Statewide Grievance Committee*, 240 Conn. 671, 681, 694 A.2d 1218 (1997); *Caulkins* v. *Petrillo*, 200 Conn. 713, 717, 543 A.2d 43 (1986) ("shall"

and determine such claim to the same extent as if it arose solely within his own district. If a commissioner is disqualified or temporarily incapacitated from hearing any matter, or if the parties shall so request and the chairman of the Workers' Compensation Commission finds that it will facilitate a speedier disposition of the claim, he shall designate some other commissioner to hear and decide such matter. The Superior Court, on application of a commissioner or the chairman or the Attorney General, may enforce, by appropriate decree or process, any provision of this chapter or any proper order of a commissioner or the chairman rendered pursuant to any such provision. Any compensation commissioner, after ceasing to hold office as such compensation commissioner, may settle and dispose of all matters relating to appealed cases, including correcting findings and certifying records, as well as any other unfinished matters pertaining to causes theretofore tried by him, to the same extent as if he were still such compensation commissioner."

ordinarily construed as mandatory, "may" ordinarily construed as permissive). Indeed, the implication of the use of "may" in § 31-278 is that a retired commissioner has the discretion to refuse to continue to hear cases after leaving office. In the event of such a refusal, the review board would have to remand the case to a different commissioner for whatever further proceedings might be required.

Second, § 31-278 contains another provision fatal to the defendants' position. Section 31-278 provides, in part, that "[i]f a commissioner is disqualified or temporarily incapacitated from hearing any matter, or if the parties shall so request and the chairman of the Workers' Compensation Commission finds that it will facilitate a speedier disposition of the claim, *he shall designate some other commissioner to hear and decide such matter. . . .*" (Emphasis added.) Section 31-278 by its very terms contemplates, therefore, the precise scenario that the defendants claim it precludes, namely, a case being heard by a commissioner other than the commissioner to whom the case originally was assigned.

In the absence of an express statutory prohibition of the remand ordered in this case, the defendants' alternate statutory argument is that the review board must have express statutory authority for a remand order to a different commissioner. In light of the broad authority conferred upon the review board by the terms of § 31-301 (c), we are not persuaded that the legislature intended to impose unstated limitations on the review board's discretion to order appropriately adjudicated new hearings. Such an unstated limitation would be difficult to reconcile with the provisions of General Statutes § 51-183c, which provides that "[n]o judge of any court who tried a case without a jury in which a new trial is granted, or in which the judgment is reversed by the Supreme Court, may again try the case. . . ."

Given the legislature's expressed preference that retrials not take place before the same judge who previously tried the case, we decline to conclude, without any supporting statutory evidence, that the legislature intended, as a jurisdictional matter, to preclude, in workers' compensation cases, the very practice that it endorsed in civil and criminal cases.

## C

The defendants' final argument rests on their representation of custom and usage in the workers' compensation system. The defendants assert that it has been the routine practice of the review board to remand cases to the original trial commissioner, and that therefore the review board, by that practice, prescribed and limited the borders of its own jurisdiction. This argument is unavailing.

As an initial matter, we note that there is no evidence in the record to support the defendants' assertions that, in fact, the review board routinely or invariably had remanded cases to the original trial commissioner. Although administrative convenience might often counsel in favor of such a remand, the question remains whether the practice included the exceptional case that is presently before us. The defendants have furnished us with no evidentiary support for the argument they advance.

More significantly, however, even were we to assume the defendants' factual claim regarding the review board's routine practice to be accurate, the board's practice could not serve as a definitive boundary of the board's jurisdiction. It is the exclusive province of the legislature to set the jurisdiction of statutorily created agencies such as the review board. *Hanson* v. *Transportation General, Inc.*, supra, 245 Conn. 618; *Dowling* v. *Slotnik*, supra, 244 Conn. 799. Indeed, in *Hanson* we stated expressly that "policy determinations as to . . .

what jurisdictional limitations apply [to workers' compensation claims] are for the legislature, not the judiciary *or the board*, to make." (Emphasis added; internal quotation marks omitted.) *Hanson* v. *Transportation General, Inc.*, supra, 618. The review board therefore lacked the power to circumscribe its own jurisdiction, no matter how routinely or invariably it remanded cases to the original trial commissioner.

In sum, we conclude that the decision of a review board to direct a rehearing to be held before a commissioner other than the one who originally heard the case does not raise a colorable claim of jurisdiction and, therefore, is not an appealable final judgment.[10] We do not decide, however, whether, as a matter of statutory construction, the review board's decision was appropriate. Appellate review of the propriety of the board's decision must await a final judgment.[11] See *Amodio* v. *Amodio*, supra, 247 Conn. 732.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

[10] We do not intend absolutely to foreclose the possibility that a colorable claim of lack of jurisdiction may be raised with respect to a decision of the review board. It may be, for example, that the review board lacks the authority to order a de novo rehearing on general equitable grounds not supported by the record. Compare *Fair* v. *People's Savings Bank*, supra, 207 Conn. 538–42.

[11] We are not unmindful of the concern, expressed in Justice McDonald's dissent in *Conetta*, that "[such a] rule would subject any party that is successful on the merits before a commissioner to endless reversals and remands without any judicial review." *Conetta* v. *Stamford*, supra, 246 Conn. 298 (*McDonald, J.*, dissenting). That concern must be balanced, however, against the jurisprudential underpinnings of our final judgment rule: namely, that judicial economy and clarity require litigants to await a ruling that "so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, supra, 191 Conn. 31.