IN RE JESSICA M.*
(AC 32132)

DiPentima, C. J., and Alvord and Dupont, Js.

Argued September 22—officially released December 21, 2010

---

[10] As a result of our conclusion, we need not reach the other claims raised by Jose in this appeal.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Sarah Healy Eagan*, with whom was *Stacey Violante Cote*, for the appellant (petitioner).

*Valeria Caldwell-Gaines*, for the appellee (respondent mother).

*Mary-Anne Z. Mulholland*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (intervenor).

*Opinion*

DiPENTIMA, C. J. The petitioner, Jessica M., appeals from the judgment of the trial court dismissing her petition seeking to have herself adjudicated as neglected and as an uncared-for youth, filed pursuant to General Statutes § 46b-129 (a). On appeal, Jessica claims that the court improperly determined that (1) it lacked subject matter jurisdiction over the petition, (2) it lacked statutory authority to order a retroactive commitment, (3) the collateral consequences exception to the mootness doctrine did not apply and (4) the capable of repetition yet evading review exception to the mootness doctrine did not apply. On the basis of our decision in *In re Jose B.*, 125 Conn. App. 572, 11 A.3d 682 (2010), which we also release today, we conclude that Jessica failed to establish the factual predicate for the court's statutory jurisdiction. Accordingly, we affirm the judgment of the trial court dismissing Jessica's petition.

The following facts and procedural history are necessary for our discussion. On November 5, 2009, then seventeen year old Jessica filed a petition in the Superior Court for Juvenile Matters in Hartford, alleging that she was neglected and uncared for as defined by General Statutes § 46b-120.[1] On December 17, 2009, the department of children and families (department)[2] successfully moved to intervene in the proceedings. The court also set a trial date of January 4, 2010, which was prior to Jessica's eighteenth birthday.

On that date, the court continued the matter due to (1) Jessica's failure to arrange for interpreters for two witnesses and (2) its granting of a motion in limine filed by the department. The court, on its own motion, transferred the case to the Child Protection Session in Middletown. Although a second trial date before Jessica's eighteenth birthday was offered, counsel for Jessica's mother was unavailable for that day.[3] A trial date was scheduled for February 26, 2010, approximately five weeks after Jessica had reached the age of eighteen.[4]

---

[1] On January 15, 2010, Jessica filed an amended summary of facts in support of the neglect petition. Specifically, she alleged that her father had abandoned her and that her mother had lived at a different residence for the past two years and had not provided Jessica with financial or other support. Jessica also alleged that she had been diagnosed with major depressive disorder and post-traumatic stress disorder and was at great risk of injuring herself.

[2] Because the commissioner of children and families acts on behalf of the department of children and families, references in this opinion to the department include the commissioner.

[3] On January 13, 2010, Jessica's mother filed a motion to strike or dismiss the neglect petition. See footnote 7 of this opinion.

[4] General Statutes § 1-1d provides in relevant part: "Except as otherwise provided by statute . . . the terms 'minor', 'infant' and 'infancy' shall be deemed to refer to a person under the age of eighteen years and any person eighteen years of age or over shall be an adult for all purposes whatsoever and have the same legal capacity, rights, powers, privileges, duties, liabilities and responsibilities as persons heretofore had at twenty-one years of age, and 'age of majority' shall be deemed to be eighteen years."

On February 5, 2010, the department filed a motion to dismiss the petition. It argued that the court, specifically, the Superior Court for Juvenile Matters, lacked jurisdiction over adults, individuals over the age of seventeen. The department further claimed that the court lacked statutory authority to adjudicate an individual over the age of seventeen as neglected or uncared for, even if the petition had been filed prior to the individual's eighteenth birthday. Last, the department argued that Jessica's petition was moot.

The court heard oral argument on the motion to dismiss and issued its memorandum of decision on March 16, 2010. The court concluded that it lost subject matter jurisdiction and that the matter had become moot as of Jessica's "ceasing to be a child or youth."[5] Additionally, it stated that because the court was unable to issue any order committing Jessica to the custody of the department, or transferring guardianship[6] over her to another person, the case was moot and no exception to that doctrine applied. Accordingly, the court granted the department's motion to dismiss the neglect and uncared-for petition.[7] This appeal followed.

Today, we released our decision in *In re Jose B.*, supra, 125 Conn. App. 572. That case involved a similar fact pattern in which a neglect and uncared-for petition was filed prior to but not adjudicated before the petitioner's eighteenth birthday. In that case, we concluded: "Guided by the reasoning set forth by our Supreme Court in *In re Matthew F.*, [297 Conn. 673, 4 A.3d 248 (2010)], and our analysis of the relevant statutes, we conclude that the jurisdiction of the Superior Court for

---

[5] General Statutes § 46b-120 provides in relevant part: "(1) 'Child' means any person under sixteen years of age . . . [and] (2) 'youth' means any person sixteen or seventeen years of age . . . ."

[6] The record reveals that no guardian had been appointed for Jessica.

[7] As a result of this conclusion, the court declined to address the motion to strike or dismiss filed by Jessica's mother.

Juvenile Matters did not cease merely because Jose reached the age of eighteen. Under the facts and circumstances of the present case, however, Jose failed to establish the requirements of § 46b-129 (j), namely, that the court could commit the eighteen year old Jose to the department. We conclude, therefore, that Jose failed to establish the factual predicate required for jurisdiction under that statute, and, accordingly, the trial court lacked jurisdiction over the matter. The trial court, therefore, properly granted the department's motion to dismiss." *In re Jose B.*, supra, 583–84.

We conclude that, pursuant to our analysis in *In re Jose B.*, Jessica failed to establish the factual predicate required for jurisdiction under § 46b-129 (j).[8] There is no statutory authority for a retroactive commitment. Id. The court, therefore, lacked jurisdiction over the petition and properly granted the department's motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] As a result of this conclusion, we need not reach the other claims raised by Jessica in this appeal. See *In re Jose B.*, supra, 125 Conn. App. 584 n.10.

