# IN RE JOSE B.*
## (SC 18753)

Rogers, C. J., and Norcott, Palmer, Zarella, McLachlan and Harper, Js.

Argued October 18, 2011—officially released January 31, 2012

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Michael S. Taylor*, with whom were *Sarah Eagan* and, on the brief, *Stacey Violante Cote*, for the appellant (petitioner).

*Susan T. Pearlman*, assistant attorney general, with whom were *Mary-Anne Ziewacz Mulholland*, assistant attorney general, and, on the brief, *George Jepsen*, attorney general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (intervenor).

*Opinion*

ROGERS, C. J. The petitioner, Jose B., appealed to the Appellate Court from the judgment of the trial court dismissing his petition seeking to have himself adjudicated as neglected and as an uncared-for youth, filed pursuant to General Statutes § 46b-129 (a).[1] *In re Jose*

[1] General Statutes § 46b-129 (a) provides in relevant part: "Any selectman, town manager, or town, city or borough welfare department, any probation officer, or the Commissioner of Social Services, the Commissioner of Children and Families or any child-caring institution or agency approved by the Commissioner of Children and Families, a child or such child's representative or attorney or a foster parent of a child, having information that a child or youth is neglected, uncared-for or dependent, may file with the Superior Court that has venue over such matter a verified petition plainly stating such facts as bring the child or youth within the jurisdiction of the court as neglected, uncared-for or dependent, within the meaning of section 46b-120 . . . ."

*B.*, 125 Conn. App. 572, 11 A.3d 682 (2010). On appeal, the petitioner claimed that the trial court improperly dismissed the petition as moot because, two days after he filed it, he reached his eighteenth birthday. Id., 573–74. The Appellate Court affirmed the judgment of dismissal. Id., 584. We then granted the petitioner's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly conclude that the trial court lacked subject matter jurisdiction over the neglect petition?" *In re Jose B.*, 300 Conn. 916, 13 A.3d 1103 (2011). We affirm the judgment of the Appellate Court.

The Appellate Court's opinion sets forth the following facts and procedural history. "On July 15, 2009, two days before his eighteenth birthday, [the petitioner] filed two ex parte motions with the Superior Court for Juvenile Matters in Hartford seeking an order of temporary custody and an order of emergency commitment to the department of children and families (department). On the same date, the petitioner filed the petition seeking to have himself adjudicated as neglected and uncared for. [The petitioner] alleged that his mother was a resident of Puerto Rico and that his father's identity and whereabouts were unknown. He further alleged that he had been living with his uncle, having been placed there by his mother approximately four years earlier. Following his uncle's incarceration, [the petitioner] became homeless.

"That same day, the [trial] court denied [the petitioner's] ex parte motions. On or about August 18, 2009, the department moved to intervene for the limited purpose of moving to dismiss the neglect and uncared-for petition. The department also filed a motion to dismiss and an accompanying memorandum of law. On September 4, 2009, the court, concluding that the department was a necessary party, granted the motion to intervene.

"The [trial] court heard oral argument on the department's motion to dismiss and, following supplemental briefing, issued its memorandum of decision on January 14, 2010. The court concluded that it lacked the statutory authority to commit an individual who was eighteen years of age or older on a retroactive basis. As a result, it determined that, because it could not afford [the petitioner] any direct practical relief, the case was moot. It further determined that neither the collateral consequences nor the capable of repetition yet evading review exceptions to the mootness doctrine applied. Accordingly, the court granted the department's motion to dismiss." *In re Jose B.*, supra, 125 Conn. App. 574–75.

Before we address the merits of the petitioner's claim, we first take this opportunity to address the ongoing confusion as to whether the failure to plead or prove an essential fact to obtain relief under § 46b-129 (a) implicates the trial court's subject matter jurisdiction or its statutory authority. This issue arose in *In re Matthew F.*, 297 Conn. 673, 700, 4 A.3d 248 (2010), in which the question was whether the petitioner was entitled to relief under § 46b-129 (a) when he had failed to allege that, after reaching the age of eighteen, he was enrolled full-time in secondary school, technical school, college or a state-accredited job training program, as required by § 46b-129 (j). A majority of this court concluded that his failure to establish this factual predicate deprived the trial court of subject matter jurisdiction. Id. The majority acknowledged, however, that "there exists a line of cases that suggests that [this question] should be framed as whether the trial court had the *authority* to decide this case. See, e.g., *Amodio* v. *Amodio*, [247 Conn. 724, 728, 724 A.2d 1084 (1999)]; *Gurliacci* v. *Mayer*, 218 Conn. 531, 545, 590 A.2d 914 (1991). The discrepancy between those cases and the cases we follow, holding that the question is jurisdictional; see, e.g., *Bayer* v. *Showmotion, Inc.*, [292 Conn. 381, 386, 973

A.2d 1229 (2009)]; *Figueroa* v. *C & S Ball Bearing*, [237 Conn. 1, 4, 675 A.2d 845 (1996)]; is troubling." (Emphasis in original.) *In re Matthew F.*, supra, 699 n.19. The majority ultimately concluded in *In re Matthew F.* that that case was "not the proper occasion to reconcile this discrepancy because neither party primarily frames its claims as implicating the *authority* of the Superior Court." (Emphasis in original.) Id.

In a concurring opinion, Chief Justice Rogers argued that, to the extent that the cases were inconsistent, the better rule was set forth in *Gurliacci*, and, therefore, the trial court did not lack subject matter jurisdiction, but merely lacked statutory authority. Id., 708–709 (*Rogers, C. J.*, concurring). Although the parties in the present case also have not briefed the question of whether the failure to allege an essential fact under § 46b-129 (a) implicates the trial court's subject matter jurisdiction or its statutory authority, neither party will be prejudiced if we address the question, and we conclude that the time has come to resolve the issue.

"This court previously has recognized the recurrent difficulty of distinguishing between two kinds of challenges to a tribunal's exercise of its statutory authority. On the one hand, a challenge may allege that a tribunal's action exceeds its statutory authority. Such a challenge raises a jurisdictional claim. On the other hand, a challenge may allege that a tribunal's action misconstrues its statutory authority. Such a challenge raises a claim of statutory construction that is not jurisdictional. *Cantoni* v. *Xerox Corp.*, 251 Conn. 153, 162, 740 A.2d 796 (1999). Thus, [a]lthough related, the court's authority to act pursuant to a statute is different from its subject matter jurisdiction. The power of the court to hear and determine, which is implicit in jurisdiction, is not to be confused with the way in which that power must be exercised in order to comply with the terms of the

statute. . . . *Amodio* v. *Amodio*, [supra, 247 Conn. 728].

"As this court suggested in *Cantoni*, the distinction between challenges to the trial court's subject matter jurisdiction and challenges to the exercise of its statutory authority is not always clear. As a result, this court's cases addressing the distinction have not always been consistent. In *Amodio*, for example, the parties had entered into a child support agreement that precluded modification unless the defendant earned more than $900 per week. Id., 727. The agreement was approved as an order of the trial court. Id., 726. When the defendant sought a modification order pursuant to General Statutes § 46b-86 (a), the trial court granted the modification even though the defendant's weekly income did not exceed $900. Id. On appeal, the Appellate Court determined, sua sponte, that the trial court did not have jurisdiction to modify the support order because the dissolution decree foreclosed such a modification. Id., 727. On appeal, this court concluded that [a] court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . Id., 728. This court noted that § 46b-86 (a) confers jurisdiction on the trial court to modify support orders [u]nless and to the extent that the decree precludes modification . . . but concluded that, because support orders can be modified despite such preclusion provisions when they are ambiguous or do not adequately protect the parties, the trial court did not lack subject matter jurisdiction to modify the order. Id., 730–31. This court further concluded that [s]eparate and distinct from the question of whether a court has jurisdictional power to hear and determine a support matter . . . is the question of

whether a trial court *properly* applies § 46b-86 (a), that is, properly exercises its statutory authority to act. . . . Id., 730. This court remanded the case to the Appellate Court for consideration of that issue. Id., 732; see also *New England Retail Properties, Inc.* v. *Maturo*, 102 Conn. App. 476, 482, 925 A.2d 1151 (under statute prohibiting commencement of action against estate unless legal claim has been rejected by estate, claim that estate had not rejected legal claim did not implicate court's subject matter jurisdiction but was question of statutory authority), cert. denied, 284 Conn. 912, 931 A.2d 932 (2007).

"In *Kennedy* v. *Kennedy*, 177 Conn. 47, 49, 411 A.2d 25 (1979), this court reached a different result. The issue in that case was whether the Superior Court has the authority to make and enforce support orders pertaining to children over the age of eighteen. Id. The court concluded that, because the statutes relating to support orders applied only to minor children, and because the legislature had lowered the age of majority from twenty-one years of age to eighteen years of age, the trial court lacked jurisdiction to enter such orders.[2] Id., 52–53. In *Kennedy*, the court did not discuss the distinction between the trial court's subject matter jurisdiction and its statutory authority. In a later case, however, Justice Peters, who was on the panel that decided *Kennedy*, stated that she was not persuaded that we should invariably characterize as an absence of subject matter jurisdiction every failure of a trial court to observe every statutory limitation on its authority to act; but it is clear that in this instance I am bound by our holding to the contrary in *Kennedy*. *Broaca* v.

[2] "See also *State* v. *Welwood*, 258 Conn. 425, 435, 780 A.2d 924 (2001) (relying on *Kennedy* to support conclusion that trial court lacked jurisdiction to require defendant to enter into agreement that he would have no contact with victims until they reached age of twenty-one when period of agreement extended beyond maximum period of probation allowed by statute)." *In re Matthew F.*, supra, 297 Conn. 704 n.3 (*Rogers, C. J.*, concurring.)

*Broaca*, 181 Conn. 463, 471, 435 A.2d 1016 (1980) (*Peters, J.*, dissenting).

"This court's cases addressing the distinction between motions to dismiss and motions to strike are also instructive on the distinction between claims implicating the trial court's subject matter jurisdiction and claims implicating the proper exercise of its authority. In *Gurliacci* v. *Mayer*, [supra, 218 Conn. 541–42], this court considered whether the trial court had subject matter jurisdiction over the plaintiff's claim that she had been injured as the result of a fellow employee's negligence. The named defendant in that case argued that the trial court lacked subject matter jurisdiction over the action because, under the fellow employee immunity rule of General Statutes (Rev. to 1983) § 7-465 and the Workers Compensation Act, General Statutes § 31-275 et seq., the workers' compensation commission has exclusive jurisdiction over intra-workplace claims unless they fall into one of two statutory exceptions. Id., 543–44. Because the plaintiff had not alleged either exception in her complaint, the defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction, which the trial court denied. Id., 541–42. On appeal, this court noted that it previously had held that if a pleading . . . on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted, a motion to strike is required. . . . Id., 544. In contrast, [a] motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . Id. This court concluded that the fact that the plaintiff's complaint failed to allege facts that would have removed it from the operation of the fellow employee immunity rule merely reflects that the complaint failed to state a legally sufficient

cause of action. Id. Accordingly, this court concluded that the complaint properly was subject to a motion to strike, not a motion to dismiss. Id.

"This court reasoned in *Gurliacci* that [i]nterpreting the [statutory] language . . . [setting forth the exceptions to the fellow employee immunity rule] as subject matter jurisdictional, taken to its logical conclusion, would require a trial court, after trial, to dismiss for lack of subject matter jurisdiction a complaint that at the outset properly alleged an exception to the fellow employee immunity rule if the fact finder ultimately concluded that neither exception applied. Id. Thus, the court would be compelled to conclude that it had no subject matter jurisdiction over the case that it had tried solely because the plaintiff failed to establish an essential element of his cause of action. Id., 545. This court declined to adopt such a bizarre interpretation of [the statute]. Id.; see also *Egri* v. *Foisie*, 83 Conn. App. 243, 246–51, 848 A.2d 1266 (trial court improperly granted motion to dismiss complaint under doctrine of sovereign immunity when plaintiff failed to allege negligent operation of state owned and insured motor vehicle as required by statute waiving sovereign immunity; because plaintiff could potentially state claim under statute, motion to strike was proper procedural vehicle for challenging legal sufficiency of complaint), cert. denied, 271 Conn. 931, 859 A.2d 930 (2004).[3]

"This court reached a different conclusion in *Amore* v. *Frankel*, 228 Conn. 358, 362, 636 A.2d 786 (1994), in which the plaintiffs sought to recover from the defendant, the commissioner of transportation, for injuries

[3] "The court in *Egri* v. *Foisie*, supra, 83 Conn. App. 247, stated that [t]here is a significant difference between asserting that a plaintiff cannot state a cause of action and asserting that a plaintiff has not stated a cause of action, and therein lies the distinction between the motion to dismiss and the motion to strike." (Internal quotation marks omitted.) *In re Matthew F.*, supra, 297 Conn. 706 n.4 (*Rogers, C. J.*, concurring).

that one of the plaintiffs had sustained in a fall on a driveway on the campus of the University of Connecticut. The plaintiffs alleged that their claims came within a statutory exception to the doctrine of sovereign immunity for injuries that are caused by the commissioner's negligence in carrying out his legal duty to maintain a road. Id., 363–64. The commissioner filed a motion to dismiss the complaint in which he argued that the claim did not fall within the exception because he did not have the legal duty to maintain the roads on the university campus. Id., 362. In support of his motion, he submitted two supporting affidavits. Id., 362–63. The trial court granted the motion to dismiss. Id., 363. On appeal, the Appellate Court reversed the judgment. Id. On appeal to this court, this court concluded that [t]he factual underpinnings of the allegations in the affidavits were sufficient to defeat any presumption of truth in the . . . assertion of a legal obligation on the part of the commissioner to maintain the driveway. Id., 368. It further concluded that, because the plaintiff[s] had not disputed the facts contained in the affidavit, the trial court lacked jurisdiction and had properly dismissed the . . . complaint. Id., 369.

"This court in *Amore* distinguished *Gurliacci*, on the ground that the motion to dismiss in that case had not been accompanied by supporting affidavits that demonstrated by uncontroverted facts that the plaintiff could not as a matter of law and fact state a cause of action that should be heard by the court. Id., 367 n. 8.[4] In his dissenting opinion in *Amore*, Justice Berdon disagreed with the majority's conclusion that *Gurliacci* was distinguishable and stated that [t]he question here is not

---

[4] "The court in *Amore* did not address the reasoning of the court in *Gurliacci* that treating the failure to allege an element of a claim as subject matter jurisdictional leads to the bizarre result that the trial courts would be required to dismiss claims after trial when they find that an element of the claim had not been proven." *In re Matthew F.*, supra, 297 Conn. 707 n.5 (*Rogers, C. J.*, concurring).

whether the commissioner had the responsibility to maintain the drive that would make him liable for defects, but whether the trial court has the power to hear and determine an action brought against him pursuant to [General Statutes] § 13a-144. And, of course, the answer is yes. Id., 373. Justice Berdon argued that, because the failure to allege that the commissioner had a legal duty to maintain the road at issue merely affected the legal sufficiency of the complaint, the validity of the complaint should have been tested by way of a motion to strike. Id., 372–73." (Citation omitted; emphasis in original; internal quotation marks omitted.) *In re Matthew F.*, supra, 297 Conn. 702–708 (*Rogers, C. J.,* concurring).

We now agree with the concurring justice in *In re Matthew F.* that, "to the extent that these cases are inconstant, the better rule is set forth in *Gurliacci.*" Id., 708. Accordingly, we conclude that the failure to allege an essential fact under a particular statute goes to the legal sufficiency of the complaint, not to the subject matter jurisdiction of the trial court. Id., 710. This conclusion "is consistent with the rule that every presumption is to be indulged in favor of jurisdiction"; (internal quotation marks omitted) id., 708; is "consistent with the judicial policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court"; (internal quotation marks omitted) id., 709; by allowing the litigant, if possible, "to amend the complaint to correct the defect"; id.; and avoids the bizarre result that the failure to prove an essential fact at trial deprives the court of subject matter jurisdiction. Id. Moreover, as the present case shows, the purported distinction between "a tribunal's action [that] exceeds its statutory authority," which we have treated as implicating the tribunal's jurisdiction, and "a tribunal's action [that] misconstrues its statutory authority," which we have

treated as involving the proper construction of the statute; *Cantoni* v. *Xerox Corp.*, supra, 251 Conn. 162; has proven illusory in practice.

Thus, the question in the present case is whether the trial court has statutory authority pursuant to § 46b-129 (a) to adjudicate a person who has reached the age of eighteen years as neglected or uncared-for, and to commit such a person to the care of the department pursuant to § 46b-129 (j).[5] This is a question of statutory interpretation over which our review is plenary. See *State ex rel. Gregan* v. *Koczur*, 287 Conn. 145, 152, 947 A.2d 282 (2008). "In making such determination, we are guided by fundamental principles of statutory construction. See General Statutes § 1-2z;[6] *Testa* v. *Geressy*, 286 Conn. 291, 308, 943 A.2d 1075 (2008) ([o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature . . . )." (Internal quotation marks omitted.) *In re Matthew F.*, supra, 297 Conn. 688.

We begin with a review of the relevant statutes. Section 46b-129 (a) provides in relevant part that certain enumerated parties "having information that a child or youth is neglected, uncared-for or dependent, may file with the Superior Court . . . a verified petition plainly

[5] General Statutes § 46b-129 (j) provides in relevant part: "Upon finding and adjudging that any child or youth is uncared-for, neglected or dependent, the court may commit such child or youth to the Commissioner of Children and Families. . . . The commissioner shall be the guardian of such child or youth for the duration of the commitment, provided the child or youth has not reached the age of eighteen years or, in the case of a child or youth in full-time attendance in a secondary school, a technical school, a college or a state-accredited job training program, provided such child or youth has not reached the age of twenty-one years, by consent of such youth, or until another guardian has been legally appointed . . . ."

[6] General Statutes § 1-2z provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."

stating such facts as bring the child or youth within the jurisdiction of the court as neglected, uncared-for or dependent, within the meaning of section 46b-120 . . . ." General Statutes (Rev. to 2009) § 46b-120 (9), provides in relevant part that "a *child or youth* may be found 'neglected' . . . ." (Emphasis added.) General Statutes (Rev. to 2009) § 46b-120 (10), provides in relevant part that "a *child or youth* may be found 'uncared for' . . . ." (Emphasis added.) General Statutes (Rev. to 2009) § 46b-120 (1) provides in relevant part: " 'Child' means any person under sixteen years of age . . . ." General Statutes (Rev. to 2009) § 46b-120 (2) provides in relevant part: " '[Y]outh' means any person sixteen or seventeen years of age . . . ."

Reading these statutory provisions together, it is clear that the legislature intended that the trial court would have statutory authority to adjudicate a person neglected or uncared-for only if the person is a child or youth, i.e., the person is under the age of eighteen years. There is no indication in the statutory scheme that the legislature contemplated that, as long as the petition was filed before the subject of the petition reached his eighteenth birthday, the trial court could render a "retroactive" adjudication after that date. As the current revision of § 46b-120 (1) indicates, when the legislature intends that a person will be considered a child for certain purposes after the person has reached the age of eighteen years, it knows how to make that intention clear. See General Statutes § 46b-120 (1) (defining " '[c]hild' " differently for different circumstances).[7] Accordingly, we conclude that the trial court

[7] General Statutes § 46b-120 (1) provides in relevant part: " 'Child' means any person under eighteen years of age who has not been legally emancipated, except that (A) for purposes of delinquency matters and proceedings, 'child' means any person (i) under seventeen years of age who has not been legally emancipated, or (ii) seventeen years of age or older who, prior to attaining seventeen years of age, has committed a delinquent act or, subsequent to attaining seventeen years of age, (I) violates any order of the Superior Court or any condition of probation ordered by the Superior Court

lacked statutory authority to adjudicate the petitioner neglected or uncared-for after his eighteenth birthday. It necessarily follows that the trial court lacked statutory authority to provide the petitioner with dispositional relief pursuant to § 46b-129 (j) ("[u]*pon finding and adjudging that any child or youth is uncared-for, neglected or dependent*, the court may commit such child or youth to the Commissioner of Children and Families" [emphasis added]).

Finally, we conclude that, because the trial court lacked such statutory authority, that court properly concluded that the petitioner's petition was rendered moot when he reached his eighteenth birthday.[8] See *Connecticut Coalition Against Millstone* v. *Rocque*, 267 Conn.

with respect to a delinquency proceeding, or (II) wilfully fails to appear in response to a summons under section 46b-133 or at any other court hearing in a delinquency proceeding of which the child had notice . . . ."

[8] We acknowledge that it is somewhat anomalous to conclude that, on the one hand, the failure to allege an essential fact under a statute at the outset does not deprive the court of subject matter jurisdiction over the claim, while concluding, on the other hand, that the trial court loses subject matter jurisdiction under the mootness doctrine if an event occurs during the pendency of the action that makes it impossible for the plaintiff to establish that same fact. This anomaly arises from our historic practice of treating the issue of justiciability, i.e., the court's continuing ability to grant relief, as implicating the court's subject matter jurisdiction, even though the court's inability to grant practical relief as the result of intervening circumstances does not remove a claim from the class of cases that the court is competent to decide. See, e.g., *State* v. *T.D.*, 286 Conn. 353, 361, 944 A.2d 288 (2008) (mootness implicates court's subject matter jurisdiction and case becomes moot when events occur that deprive court of ability to grant relief). It is arguable that justiciability is not truly a question of subject matter jurisdiction. For example, while a court can *never* entertain an action when the court lacks "competence to decide the class of cases to which the action belongs"; *In re Matthew F.*, supra, 297 Conn. 703 (*Rogers, C. J.*, concurring); courts are not categorically prohibited from adjudicating moot questions. See *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 502, 507, 970 A.2d 578 (2009) (discussing capable of repetition but evading review exception to mootness doctrine). Although we acknowledge that there may be reasons to conclude that mootness does not truly implicate the court's subject matter jurisdiction, we leave that question for another day.

116, 126–27, 836 A.2d 414 (2003) (case is moot when "[i]ntervening circumstances have changed the legal landscape . . . and the court cannot grant the [petitioner] any practical relief"); see also *Dept. of Public Safety* v. *Freedom of Information Commission,* 103 Conn. App. 571, 589, 930 A.2d 739 (because Freedom of Information Commission lacks statutory authority to issue final decision on matter that is not contested, question of whether certain documents were subject to Freedom of Information Act was rendered moot when party making request for disclosure notified commission that requested records had been disclosed and asked that no further action be taken on complaint), cert. denied, 284 Conn. 930, 934 A.2d 245 (2007); *Ruggiero* v. *Ruggiero,* 76 Conn. App. 338, 347, 819 A.2d 864 (2003) (because trial court no longer had statutory authority to order plaintiff to submit to psychiatric evaluation after custody order was issued, claim that trial court improperly ordered psychiatric evaluation was moot). Accordingly, we conclude that the trial court properly granted the department's motion to dismiss and affirm the judgment of the Appellate Court on this alternative ground.[9]

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

[9] The Appellate Court concluded that the trial court lacked subject matter jurisdiction over the petition because the petitioner "failed to establish the factual predicate required for jurisdiction under [§ 46b-129 (j)] . . . ." *In re Jose B.,* supra, 125 Conn. App. 583. We have concluded in the present case, however, that the failure to establish an essential fact for obtaining relief under that statute does not implicate the trial court's subject matter jurisdiction, but rather, implicates its statutory authority.