## IN RE JESSICA M.*
## (SC 18752)

Rogers, C. J., and Norcott, Palmer, Zarella and Harper, Js.

Argued October 18, 2011—officially released January 31, 2012

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Michael S. Taylor*, with whom were *Sarah Eagan* and, on the brief, *Stacey Violante Cote*, for the appellant (petitioner).

*Susan T. Pearlman*, assistant attorney general, with whom were *Mary-Anne Ziewacz Mulholland*, assistant attorney general, and, on the brief, *George Jepsen*, attorney general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (intervenor).

*Opinion*

ROGERS, C. J. The petitioner, Jessica M., appealed to the Appellate Court from the judgment of the trial court dismissing her petition seeking to have herself adjudicated as neglected and as an uncared-for youth, filed pursuant to General Statutes § 46b-129 (a).[1] *In re Jessica M.*, 125 Conn. App. 584, 11 A.3d 689 (2010). On appeal, the petitioner claimed that the trial court improperly dismissed the petition as moot because, two and one-half months after she filed it, she reached her eighteenth birthday. Id., 586–87. The Appellate Court affirmed the judgment of dismissal. Id., 588. We then granted the petitioner's petition for certification to

---

[1] General Statutes § 46b-129 (a) provides in relevant part: "Any selectman, town manager, or town, city or borough welfare department, any probation officer, or the Commissioner of Social Services, the Commissioner of Children and Families or any child-caring institution or agency approved by the Commissioner of Children and Families, a child or such child's representative or attorney or a foster parent of a child, having information that a child or youth is neglected, uncared-for or dependent, may file with the Superior Court that has venue over such matter a verified petition plainly stating such facts as bring the child or youth within the jurisdiction of the court as neglected, uncared-for or dependent, within the meaning of section 46b-120 . . . ."

appeal, limited to the following issue: "Did the Appellate Court properly conclude that the trial court lacked subject matter jurisdiction over the neglect petition?" *In re Jessica M.*, 300 Conn. 917, 13 A.3d 1102 (2011). We affirm the judgment of the Appellate Court.

The Appellate Court's opinion sets forth the following facts and procedural history. "On November 5, 2009, [the] then seventeen year old [petitioner] filed a petition in the Superior Court for Juvenile Matters in Hartford, alleging that she was neglected and uncared for as defined by General Statutes § 46b-120. On December 17, 2009, the department of children and families (department) successfully moved to intervene in the proceedings. The court also set a trial date of January 4, 2010, which was prior to [the petitioner's] eighteenth birthday.

"On that date, the court continued the matter due to (1) [the petitioner's] failure to arrange for interpreters for two witnesses and (2) its granting of a motion in limine filed by the department. The court, on its own motion, transferred the case to the Child Protection Session in Middletown. Although a second trial date before [the petitioner's] eighteenth birthday was offered, counsel for [the petitioner's] mother was unavailable for that day. A trial date was scheduled for February 26, 2010, approximately five weeks after [the petitioner] had reached the age of eighteen.

"On February 5, 2010, the department filed a motion to dismiss the petition. It argued that the court, specifically, the Superior Court for Juvenile Matters, lacked jurisdiction over adults, individuals over the age of seventeen. The department further claimed that the court lacked statutory authority to adjudicate an individual over the age of seventeen as neglected or uncared for, even if the petition had been filed prior to the individu-

al's eighteenth birthday. Last, the department argued that [the petitioner's] petition was moot.

"The court heard oral argument on the motion to dismiss and issued its memorandum of decision on March 16, 2010. The court concluded that it lost subject matter jurisdiction and that the matter had become moot as of [the petitioner's] 'ceasing to be a child or youth.' Additionally, it stated that because the court was unable to issue any order committing [the petitioner] to the custody of the department, or transferring guardianship over her to another person, the case was moot and no exception to that doctrine applied. Accordingly, the court granted the department's motion to dismiss the neglect and uncared-for petition." *In re Jessica M.*, supra, 125 Conn. App. 586–87.

In *In re Jose B.*, 303 Conn. 569, 34 A.3d 975 (2012), which was released on the same date as this opinion, we concluded that the trial court lacks statutory authority to adjudicate a person neglected or uncared-for pursuant to § 46b-129 (a) after the person reaches the age of eighteen years and, therefore, the court necessarily lacks statutory authority to provide dispositional relief to such a person pursuant to § 46b-129 (j).[2] We adopt the reasoning and result of that opinion herein. We conclude, therefore, that, in the present case, the trial court lacked statutory authority both to adjudicate the petitioner neglected or uncared-for after she reached the age of eighteen years and to provide her with dispo-

[2] General Statutes § 46b-129 (j) provides in relevant part: "Upon finding and adjudging that any child or youth is uncared-for, neglected or dependent, the court may commit such child or youth to the Commissioner of Children and Families. . . . The commissioner shall be the guardian of such child or youth for the duration of the commitment, provided the child or youth has not reached the age of eighteen years or, in the case of a child or youth in full-time attendance in a secondary school, a technical school, a college or a state-accredited job training program, provided such child or youth has not reached the age of twenty-one years, by consent of such youth, or until another guardian has been legally appointed . . . ."

sitional relief. We further conclude that, because the trial court lacked such statutory authority, that court properly concluded that the petition was rendered moot when the petitioner reached her eighteenth birthday. See *Connecticut Coalition Against Millstone* v. *Rocque*, 267 Conn. 116, 126–27, 836 A.2d 414 (2003) (case is moot when "[i]ntervening circumstances have changed the legal landscape . . . and the court cannot grant the [petitioner] any practical relief"). Accordingly, we affirm the judgment of the Appellate Court on this alternative ground.[3]

This conclusion disposes of the petitioner's claim that the Appellate Court improperly declined to address her claim that her petition was not moot because it falls within the collateral consequences exception to the mootness doctrine. See *Williams* v. *Ragaglia*, 261 Conn. 219, 226, 802 A.2d 778 (2002) ("despite developments during the pendency of an appeal that would otherwise render a claim moot, the court may retain jurisdiction when a litigant shows that there is a reasonable possibility that prejudicial collateral consequences will occur" [internal quotation marks omitted]). Specifically, she claims that, because an adjudication of neglect pursuant to § 46b-129 (a) would enable her to seek special immigrant juvenile status from the federal government, her claim for an adjudication of neglect was not moot even if the trial court could not grant dispositional relief pursuant to § 46b-129 (j). We have concluded, however, that, not only did the trial court lack statutory authority to provide dispositional relief to the petitioner after she reached her eighteenth birth-

_____

[3] The Appellate Court concluded that the trial court lacked subject matter jurisdiction over the petition because the petitioner "failed to establish the factual predicate required for jurisdiction under [§ 46b-129 (j)] . . . ." *In re Jessica M.*, supra, 125 Conn. App. 588. We concluded in *In re Jose B.*, however, that the failure to establish an essential fact for obtaining relief under that statute does not implicate the trial court's subject matter jurisdiction, but rather, implicates its statutory authority. *In re Jose B.*, supra, 303 Conn. 579.

day, it also lacked statutory authority to adjudicate the petitioner neglected or uncared for. The collateral consequences doctrine cannot confer statutory authority on the trial court that is otherwise lacking. Accordingly, we reject this claim.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.