# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE GUARDIANSHIP OF THE PERSON AND ESTATE OF JOSE PORFIRIO AGUILAR GUARDADO, AN ADULT.

CARMEN BALTIERRA-GOMEZ,
Appellant,
vs.
JOSE PORFIRIO AGUILAR GUARDADO,
Respondent.

No. 68524

FILED

FEB 12 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order entered in a guardianship proceeding. Eighth Judicial District Court, Family Court Division, Clark County; Cynthia Dianne Steel, Judge.

In the order, the district court appointed appellant as respondent's legal guardian but denied appellant's request for special findings that would allow respondent to file a petition with the United States Citizenship and Immigration Services for special immigrant juvenile status (SIJS). *See* 8 U.S.C. § 1101(a)(27)(J) (2012); 8 C.F.R. § 204.11 (2009). On appeal, appellant contends that the district court refused to consider evidence and argument as to the requested findings, and appellant asks that the decision be reversed and remanded.

Before petitioning for SIJS, a child must be under the age of 21 years and obtain an order from a state court finding that the child is dependent on a juvenile court or has been placed under the custody of an individual appointed by the court, that the child's reunification with one or both parents is not viable due to abuse, neglect, abandonment or similar

16-04675

grounds under state law, and that it is not in the child's best interest to be returned to the country of the child's origin. *See* 8 U.S.C. § 1101(a)(27)(J) (2012); 8 C.F.R. § 204.11 (2009); *see also Matter of Marcelina M.-G. v. Israel S.*, 112 A.D.3d 100, 108-09 (N.Y. App. Div. 2013).

In this case, appellant requested findings that respondent had been abandoned by his parents and that it would be in his best interest to remain with appellant rather than be returned alone to El Salvador, his country of origin. When the petition for guardianship was filed, however, respondent was 20 years old and no longer a child under state law. *See* NRS 159.023(1) (defining a "minor" in guardianship proceedings as a person who is less than 18 years of age); *cf.* NRS 432B.040 (defining child in a dependency proceeding as a person under the age of 18). Appellant has cited no persuasive legal authority permitting the district court to find under state law that an adult ward has been abandoned by his parents. *See In re Jessica M.*, 35 A.3d 1072, 1074 (Conn. 2012) (holding that state court lacked statutory authority to adjudicate petitioner a neglected child after she turned 18 and rejecting argument under collateral consequences doctrine that adjudication of neglect would allow her to seek SIJS relief); *cf. In re Guardianship of N.M.*, 131 Nev., Adv. Op. 75, 358 P.3d 216, 220 (2015) (allowing appointment of general guardian for a *child* upon a finding of parental abandonment).[1]  In Nevada juvenile dependency

---

[1]We note that other states have amended their statutes to address age-related issues implicated by SIJS. *See* Cal. Prob. Code § 1510.1(a)(1) (2016) (allowing court to appoint by consent a guardian for an individual between 18 and 21 years of age in connection with a petition to make SIJS findings); Fla. Stat. § 39.5075(6) (2005) (extending dependency jurisdiction for individuals over 18 years old with pending SIJS petitions); Md. Code
*continued on next page . . .*

proceedings, NRS 432B.594(1)-(2) allows the juvenile court to retain jurisdiction over a child until the age of 21 with the child's consent, but only if the court had jurisdiction over the child when the child reached 18, which is not the case here. Thus, the district court did not err in refusing to enter findings that respondent had been abandoned. *See Rennels v. Rennels*, 127 Nev. 564, 569, 257 P.3d 396, 399 (2011) (noting that legal questions are reviewed de novo). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Parraguirre

_____, J.        _____, J.
Douglas                                              Cherry

cc:    Hon. Cynthia Dianne Steel, District Judge, Family Court Division
       Fountas & Associates
       Eighth District Court Clerk

_____

*. . . continued*

Ann., Fam. Law, § 1-201 (a), (b)(10) (2014) (defining child as under the age of 21 and giving equity court jurisdiction over SIJS factual findings); N.Y. Fam. Ct. Act § 661(a) (McKinney 2011) (defining minor as a person under 21 who consents to the appointment or continuation of a guardian after age 18). Our Legislature has yet to address the issue, and we cannot change or rewrite the relevant statutes. *See Holiday Ret. Corp. v. State of Nev. Div. Indus. Relations*, 128 Nev. 150, 154, 274 P.3d 759, 761 (2012) ("It is the prerogative of the Legislature, not this court, to change or rewrite a statute.").

[2]In light of our disposition, we deny as moot appellant's February 10, 2016, request to have this matter heard before February 21, 2016.