******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

GARDEN HOMES PROFIT SHARING TRUST, L.P. *v.*
ROBERT CYR
(AC 41034)

Keller, Bright and Moll, Js.

*Syllabus*

The plaintiff owner of a mobile home community sought, by way of summary
process, to regain possession of certain premises occupied by the defen-
dant. The plaintiff's complaint alleged that the defendant resides in a
mobile home owned by S, who leases a lot from the plaintiff that is
located in the mobile home community, that following the defendant's
failure to comply with the guidelines of the community, the plaintiff
served him with notice to quit possession of the premises and that the
defendant failed to do so. Following a hearing, the trial court rendered
judgment in favor of the defendant on the basis of its conclusion that
the plaintiff lacked statutory authority to proceed with the summary
process action against the defendant in the absence of S, because, as
the owner of the mobile home, she was a necessary party to the action.
On the plaintiff's appeal to this court, *held*:

1. The trial court properly raised, sua sponte, the issue of nonjoinder in the
   absence of a motion to strike filed by the defendant; pursuant to the
   applicable statute (§ 52-108), the trial court has broad authority to
   address issues of nonjoinder that may arise in a case, including the
   authority to raise the issue sua sponte.

2. The trial court improperly rendered judgment in favor of the defendant
   on the basis of nonjoinder without giving the plaintiff an opportunity
   to add S as a party; that court's rendering of judgment immediately after
   concluding that S was a necessary party to the action effectively struck
   the plaintiff's complaint without affording the plaintiff notice and at
   least fifteen days to add S to the action pursuant to the applicable rule
   of practice (§ 10-44), and, as a result, the court ultimately defeated the
   plaintiff's summary process action on the basis of nonjoinder of a party
   despite being proscribed from summarily doing so by the relevant statute
   (§ 52-108) and rule of practice (§ 9-19).

Submitted on briefs January 4—officially released April 2, 2019

*Procedural History*

Summary process action brought to the Superior
Court in the judicial district of Danbury, Housing Ses-
sion, where the court, *Winslow, J.*, rendered judgment
for the defendant; thereafter, the court denied the plain-
tiff's motion to reargue, and the plaintiff appealed to
this court. *Reversed; further proceedings.*

*Thomas T. Lonardo* and *Colin P. Mahon* filed a brief
for the appellant (plaintiff).

*Opinion*

KELLER, J. The plaintiff, Garden Homes Profit Sharing Trust, L.P., appeals from the trial court's judgment in favor of the defendant, Robert Cyr.[1] The plaintiff claims that the court erred by (1) concluding that the plaintiff lacked statutory authority to proceed with the summary process action against the defendant in the absence of Susan Scribner, the owner of the mobile home where the defendant resides, (2) rendering judgment in favor of the defendant after concluding that the owner of the mobile home where the defendant resides was a necessary party to the action, and (3) denying the plaintiff's Practice Book § 11-11 motion to reargue the court's initial decision to dismiss the plaintiff's action. For the reasons set forth in this opinion, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

We briefly set forth the procedural course of the case. The plaintiff commenced this summary process action against the defendant by writ of summons and complaint dated August 3, 2017. The complaint alleged that "[o]n or about August 18, 2014, the defendant . . . took occupancy of a certain mobile home located at 68 Apple Blossom Lane, Danbury, Connecticut, in the plaintiff's mobile home community." The complaint also alleged that the defendant "took occupancy of the premises pursuant to approval from the plaintiff community owner," and that the defendant "failed to comply with the community guidelines . . . ." In particular, the complaint alleged that the defendant violated the following guideline: "Activity that threatens the health, safety or right to peaceful enjoyment of their residences by persons residing in the immediate vicinity of the premises; and/or any activity that threatens the health or safety of any onsite property management staff responsible for managing the premises."[2] The complaint further alleged that despite the plaintiff causing "notice to be duly served on the defendant to quit occupancy of the premises on or before July 21, 2017," the defendant "still continues to occupy [the premises]." Accordingly, the plaintiff sought "[j]udgment for possession of the premises."

The defendant filed his answer to the plaintiff's complaint on August 11, 2017, in which he indicated that he either disagreed with or had no knowledge of the allegations set forth in the complaint. He did not set forth any special defenses.

After one continuance was granted, the case was scheduled for trial on October 16, 2017. That morning, the defendant filed another motion for a continuance, which was denied by the court. When the case was called, the defendant reiterated his request to continue the case. He informed the court that he was in severe

pain and in need of medical treatment. The plaintiff's counsel indicated to the court that he was prepared for trial. While reconsidering the defendant's request for a continuance, the court sought to clarify the plaintiff's claim against the defendant. The plaintiff's counsel indicated to the court that the defendant is a guest of Scribner, the owner of a mobile home who leases a lot in the mobile home community owned by plaintiff. The plaintiff's counsel further stated that the defendant is neither a resident nor a tenant but was approved by the plaintiff to "stay with [Scribner] as a guest only." The court expressed concern that the plaintiff might have "standing issues" because the plaintiff was seeking to evict a co-occupant who neither rented directly from the plaintiff nor owned a mobile home situated in the plaintiff's mobile home park. The plaintiff's counsel indicated to the court that he had filed a brief that day addressing the court's concerns. The court then continued the matter for one week and indicated that it would consider the issue of "standing" at the next hearing.

On October 23, 2017, the parties again appeared before the court. At the outset, the plaintiff's counsel indicated to the court that he was prepared to call two witnesses to testify in the matter. The defendant, however, made an oral motion to dismiss but stated no particular ground for his motion. The court then questioned how the plaintiff could seek to evict the defendant without also naming Scribner, the mobile home owner, with whom the defendant resided. The plaintiff's counsel argued that the plaintiff was not trying to take possession of the mobile home but, rather, the land underneath the mobile home. The plaintiff's counsel indicated to the court that the plaintiff was seeking "possession of it as it pertains to [the defendant]." The court stated: "You need to bring an action against [the mobile home owner] in order to get the mobile home off the land. . . . [Y]ou've got the land. But what you want to get rid of is the mobile home that houses [the defendant]." The plaintiff's counsel responded: "No, Your Honor, we want to get rid of [the defendant]." The court indicated that the plaintiff is unable to evict the defendant without bringing an action against Scribner. It then stated that the "[m]atter is dismissed as to [the defendant]."

After the hearing was over, the court went back on the record without notice to and in the absence of the parties. The court indicated: "I believe I misspoke a few minutes ago when I stated that I was dismissing the case. I do not think this is a matter of jurisdiction. And I want to clarify that I am granting judgment to the defendant . . . on the basis of lack of statutory authority to proceed on the summary process action.

"The plaintiff has brought the action against a man who is neither a tenant of [the plaintiff] nor [does it]

own the mobile home in which [the defendant] resides. So, [it is] not the owner either.

"[The plaintiff] represent[s] that [it is] the [owner] of the land on which the mobile home sits. But in order to evict . . . an occupant of a mobile home that's not owned by [the plaintiff, it has] to evict the owner of the mobile home as well as the tenant[3] or at least bring the action against the mobile home owner plus her co-occupant in this case.

"So, [the plaintiff] . . . was not seeking possession of the mobile home. [It] represent[s] that [it was] seeking possession of the land. [It] already [has] possession of the land. And in order to evict one occupant of a mobile home that [it does not] own, [it has] to bring the action against all occupants of the mobile home, and most particularly the owner, who in this case resides with [the defendant].

"So . . . judgment for the defendant is based on lack of statutory authority. I did not wish to and did not claim that the court had no jurisdiction. It's not dismissed. Judgment for the defendant for lack of statutory authority." (Footnote added.)

On October 29, 2017, the plaintiff filed a motion for reargument on the basis of the court's October 23, 2017 decision, in which the plaintiff indicated that "the court *sua sponte* dismissed the plaintiff's summary process for lack of jurisdiction." (Emphasis in original.) In particular, the plaintiff argued that the court's decision was in direct conflict with applicable law because (1) "[Scribner] is not an indispensable party, and (2) even if she was indispensable, failure to join her in the action does not constitute a jurisdictional defect that warrants dismissal." The defendant filed an objection to the motion on October 31, 2017.

On October 31, 2017, after the plaintiff already had filed his motion for reargument on the basis of the court's purported dismissal of the case, the court issued written notice to the parties of the corrected decision it had orally rendered in the absence of the parties on October 23, 2017. The written order stated: "The court is granting judgment in favor of the defendant on the basis of lack of statutory authority to proceed on the summary process action. The plaintiff brought this action against a defendant who is not [its] tenant, nor [is] the [plaintiff] the [owner] of the mobile home in which the defendant resides. The plaintiff represents that [it is] the [owner] of the land on which the mobile home sits. In order to evict the tenant of the mobile home, [it had] to bring the action against the mobile home owner in addition to the co-occupant. The plaintiff is seeking possession of the land, not the mobile home, and the plaintiff already has possession of the land." The court denied the plaintiff's motion for reargument on November 2, 2017. This appeal followed.

On appeal, the plaintiff claims, among other things, that the court erred by concluding that the plaintiff lacked statutory authority to bring the summary process action against the defendant. In the plaintiff's view, the Landlord Tenant Act, General Statutes § 47a-1 et seq., enables it to evict a guest who is residing in a mobile home owned by another person on land owned by the plaintiff. It also claims that the court erroneously determined that Scribner, the mobile home owner, is a necessary party to this action and, even if the court was correct in concluding as such, it was still error for the court to render judgment in favor of the defendant for nonjoinder of Scribner without first allowing the plaintiff the opportunity to add Scribner to the action. We agree with the plaintiff that it should have been afforded the opportunity to add Scribner as a party. Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

At the outset, we note that the court's October 23, 2017 order, which was provided in writing to the parties on October 31, 2017, is not a model of clarity. The court indicated that it was "granting judgment in favor of the defendant on the basis of lack of statutory authority to proceed on the summary process action." It did not, however, cite to any law, but indicated that "[t]he plaintiff brought this action against a defendant who is not [its] tenant, nor [is the plaintiff the owner] of the mobile home in which the defendant resides." It also indicated that "[i]n order to evict the tenant of the mobile home, [the plaintiff would] have to bring the action against the mobile home owner in addition to the co-occupant."

In its appellate brief, the plaintiff acknowledges some ambiguity with regard to the court's order. The plaintiff indicates that "[t]he court's ruling could reasonably be construed to mean that the plaintiff could not evict the defendant because a necessary party—Ms. Scribner— was excluded from the action. If this was the trial court's rationale, then the decision should be overturned because Ms. Scribner is not a necessary party." It also argues that to whatever extent the mobile home owner could be considered a necessary party, the "court's entry of judgment . . . was improper . . . ." It argues that the court improperly raised sua sponte the issue of nonjoinder and, even if it could raise the issue sua sponte, rendering judgment in favor of the defendant was improper on this ground because the plaintiff should have been afforded an opportunity to cite in Scribner as a defendant.

Although the court used language that there was a "lack of statutory authority to proceed" in this case, its rationale was based exclusively on the plaintiff's failure to bring the action against both Scribner, the mobile home owner, and her guest and co-occupant, the defendant. We interpret the court's ruling as raising the issue

of nonjoinder. In effect, the court struck the plaintiff's complaint as legally insufficient on the basis that Scribner was a necessary party to the action.[4] Thus, we construe the court's order as rendering judgment in favor of the defendant on the basis of the nonjoinder of Scribner. See *Avery* v. *Medina*, 174 Conn. App. 507, 517, 163 A.3d 1271 ("As a general rule, [orders and] judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the [order or] judgment. . . . The interpretation of [an order or] judgment may involve the circumstances surrounding [its] making. . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The [order or] judgment should admit of a consistent construction as whole." [Internal quotation marks omitted.]), cert. denied, 327 Conn. 927, 171 A.3d 61 (2017).

Although the plaintiff argues that it was improper for the court to have raised the issue of nonjoinder on its own without a motion to strike filed by the defendant, General Statutes § 52-108 gives the court broad authority to address issues of nonjoinder and misjoinder that may arise in a case, including, as the court did in the present case, the authority to raise the issue sua sponte. To be sure, § 52-108 provides: "An action shall not be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in, and parties misjoined may be dropped, by order of the court, at any stage of the action, as the court deems the interests of justice require." Concluding that the court properly raised the issue of nonjoinder, we turn now to consider whether the court properly rendered judgment in favor of the defendant on the basis of nonjoinder without giving the plaintiff an opportunity to add Scribner as a party. The plaintiff argues that § 52-108 and Practice Book §§ 9-19 and 10-44 make clear that an action shall not be defeated by the nonjoinder of a party and that "the proper remedy would have been to cite . . . Scribner into the case or to require the plaintiff to replead and bring . . . Scribner into the action."

We begin with the standard of review. "The interpretive construction of the rules of practice is to be governed by the same principles as those regulating statutory interpretation. . . . The interpretation and application of a statute, and thus a Practice Book provision, involves a question of law over which our review is plenary." (Internal quotation marks omitted.) *Meadowbrook Center, Inc.* v. *Buchman*, 328 Conn. 586, 594, 181 A.3d 550 (2018); see also *Wiseman* v. *Armstrong*, 295 Conn. 94, 99, 989 A.2d 1027 (2010).

Practice Book § 9-19, which largely mirrors General Statutes § 52-108, makes clear that "[e]xcept as provided in Sections 10-44 and 11-3 *no action shall be defeated by the nonjoinder* or misjoinder of parties.

New parties may be added and summoned in, and parties misjoined may be dropped, by order of the judicial authority, at any stage of the cause, as it deems the interests of justice requires." (Emphasis added.) The rules of practice also make clear that "the exclusive remedy for nonjoinder of parties is by motion to strike." Practice Book § 11-3.

With those provisions in mind, Practice Book § 10-44 further instructs that "[w]ithin fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint . . . has been stricken, and the party whose pleading . . . has been so stricken fails to file a new pleading within that fifteen day period, the judicial authority may, upon motion, enter judgment against said party on said stricken complaint . . . ." See *Lund* v. *Milford Hospital, Inc.*, 326 Conn. 846, 850, 168 A.3d 479 (2017) ("[a]fter a court has granted a motion to strike, [a party] may either amend his pleading [pursuant to Practice Book § 10-44] or, on the rendering of judgment, file an appeal" [internal quotation marks omitted]).

Thus, in the present case, after the court concluded that Scribner was a necessary party to the action, thereby determining that the plaintiff's complaint was legally deficient due to the nonjoinder of a party, its immediate rendering of judgment in favor of the defendant effectively struck the plaintiff's complaint without affording the plaintiff notice and at least fifteen days to add Scribner to the action. See Practice Book § 10-44. By doing so, the court ultimately defeated the plaintiff's summary process action on the basis of nonjoinder of a party despite being proscribed from summarily doing so.[5] See General Statutes § 52-108; Practice Book § 9-19. Accordingly, we conclude that the trial court improperly rendered judgment in favor of the defendant.[6]

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] We note that the defendant did not participate in this appeal. This court entered an order on July 23, 2018, providing that this appeal would be considered solely on the basis of the plaintiff's brief and the record, as defined by Practice Book § 60-4, in light of the defendant's failure to comply with this court's July 6, 2018 order requiring him to file a brief on or before July 20, 2018.

[2] The plaintiff, however, did not allege how the defendant became subject to the mobile home community guidelines.

[3] We believe that the court meant "occupant." The court previously referred to the defendant as an occupant, and the record demonstrates that the plaintiff indicated that the defendant was not a tenant.

[4] "Necessary parties . . . are those [p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties." (Internal quotation marks omitted.)

*Bloom* v. *Miklovich*, 111 Conn. App. 323, 334, 958 A.2d 1283 (2008).

The plaintiff alleged in its complaint that the defendant took occupancy "of a certain mobile home located" in its mobile home park after giving him approval to do so. We surmise that the plaintiff, at Scribner's request, gave Scribner permission to allow the defendant to reside with her in her mobile home, perhaps subject to any conditions of the lease between the plaintiff and Scribner. We decline, however, to address the issue of whether Scribner was in fact a necessary party to the action because, as we explain subsequently in this opinion, the court committed reversible error by failing to give the plaintiff an opportunity to amend its pleading to either cite in Scribner or to replead its complaint such that the court may no longer deem it necessary to join Scribner as a party.

[5] Even if we were to assume that the court properly believed that it lacked statutory authority to proceed in this action because the plaintiff failed to plead an essential fact for obtaining relief under the applicable statute, our case law instructs that, if possible, the plaintiff should be given the opportunity to "amend the complaint to correct the defect . . . ." (Internal quotation marks omitted.) *In re Jose B.*, 303 Conn. 569, 579, 34 A.3d 975 (2012) (explaining difference between lack of jurisdiction and lack of statutory authority). On the basis of the record before us, the plaintiff was not given the opportunity to add a party or to amend its complaint prior to the court rendering judgment in favor of the defendant, even though it is clear that the plaintiff could easily have done so.

[6] In view of our determination that the court committed reversible error by not providing the plaintiff with an opportunity to add Scribner to the case, we need not address the plaintiff's other claims because we cannot say that they are likely to occur on remand.

———————————————